GARDEN STATE DEVELOPMENT COMPANY, A CORPORA-
TION, PLAINTIFF-APPELLANT, v. BELLE H. MARKO-
WITZ, EXECUTRIX OF THE ESTATE OF HAROLD
MARKOWITZ, DECEASED, DEFENDANT-RESPONDENT.

SOL WEICH, PLAINTIFF-APPELLANT, v. BELLE H. MARK-
OWITZ, EXECUTRIX, &c., DEFENDANT-RESPONDENT.

FAIRWAY INVESTMENT CORP., PLAINTIFF-APPELLANT, v.
BELLE H. MARKOWITZ, EXECUTRIX, &c., DEFENDANT-
RESPONDENT.

Argued February 21 and 23, 1966—Decided April 4, 1966.

(1)

*Mr. Harry Kay* argued the cause for plaintiffs-appellants.

*Mr. Daniel G. Kasen* argued the cause for defendant-respondent (*Messrs. Mead, Gleeson, Hansen & Pantages,* attorneys; *Mr. Kasen,* of counsel; *Mr. Alastair J. Sellar* and *Mr. Waldron Kraemer,* on the brief).

PER CURIAM. Plaintiffs brought these actions against Harold A. Markowitz, an attorney, for damages they sustained through the default in repayment of collateral loans made by plaintiffs to Bert Lee, Jr. individually and to Lee Enterprises, Inc., owned and controlled wholly by Bert Lee, Jr. and his wife. Shortly prior to trial, but after discovery procedures had been instituted by plaintiffs and the deposition of the

defendant had been taken, defendant died. His estate, represented by his wife as Executrix, was substituted.

It appears from plaintiffs' several complaints and from the pretrial order filed for the consolidated actions that plaintiffs seek to establish that the attorney defendant represented both the plaintiffs and the borrowers in the loan transactions, that the said defendant breached his duty of trust and confidence by failing to inform plaintiffs of the attorney-client relationship he maintained with the Lee interests, and that even if said defendant did not represent plaintiffs in the loan transaction, he engaged in actionable conduct by misrepresenting facts bearing upon the transactions in question and by failing to disclose certain facts concerning the financial plight of Lee and Lee Enterprises, Inc. which he was under a duty to disclose to plaintiffs.

After trial in Superior Court, Chancery Division, judgment was rendered in favor of defendant and plaintiffs appealed. We certified the cause on our own motion prior to argument in the Appellate Division, *R. R.* 1:10–1(a).

Plaintiffs dispute the applicability of *N. J. S.* 2A:81–2 which provides in relevant part as follows:

"When [one] party to any civil action * * * is sued in a representative capacity, any other party who asserts a claim against such * * * representative, supported by oral testimony of a promise, statement or act * * * of the decedent, shall be required to establish the same by clear and convincing proof."

See *Hollister v. Fiedler,* 17 *N. J.* 239, 248 (1955), and *Buska v. Aguinaldo,* 84 *N. J. Super.* 577 (*Cty. Ct.* 1964), for the history of the statute.

At common law, a party to a civil action was not competent to testify in his own behalf on the grounds of general disqualification for interest. In 1859, the Legislature avoided this harsh rule by *L.* 1859, *c.* 166, *p.* 489, which rendered parties competent to testify except a party who is sued by or is suing a party who is prohibited by some legal disability from being sworn as a witness or if either of the parties in the cause was

suing or was sued in a representative capacity. See *Smith v. Burnett*, 35 *N. J. Eq.* 314 (*E. & A.* 1882), 2 *Wigmore on Evidence* (3*d ed.*), sec. 578. *Cf. State v. Abbott*, 36 *N. J.* 63, 79 (1961). This exception was initially narrowed by *L.* 1900, *c.* 150, *p.* 362, which permitted such testimony of the survivor where the representative of the legally disabled party offered himself as a witness. By *L.* 1931, *c.* 189, *p.* 474, testimony of a defendant survivor was permitted in any action brought by a representative upon a claim of fraud, breach of trust, willful default or undue influence.

In *Hollister v. Fiedler, supra,* 17 *N. J.,* at *p.* 249, we stated that this statute created exceptions to the survivor's disqualification rule "designed to secure equality between the adverse parties and thus to avert the danger of injustice and oppression by means of testimony of a surviving party under the influence of self-interest put beyond refutation or explanation by the death of the other party."

As amended in 1960, *N. J. S.* 2A:81–2, this statutory purpose is accomplished, not by the arbitrary device of a particular type of action or of requiring the witnesses who so testify to the statements to be of a particular class, but by requiring the trier of the facts to be watchful against falsehoods which cannot be denied because the maker is dead and to arrive at a firm belief or conviction as to the truth of the claim of the surviving party.[1] *Buska v. Aguinaldo,* 84 *N. J. Super.,* at *p.* 585.

Plaintiffs assert that defendant is estopped from the benefit of the statute and that plaintiffs are not required to comply with the statutory standard of proof—"clear and convincing" — because defendant lost the benefit of this requirement when defendant introduced depositions of the decedent

---

[1] The 1960 amendment of *N. J. S.* 2A:81–2 is contained in section 45 of Article IV of 1960 *Senate Bill No.* 73 and which became *Chapter* 52 of *Laws of* 1960. In the statement attached to the bill, it is stated:

"Lastly, the bill contains in Article IV an amendment to the Dead Man's Act which eliminates the bar to receiving the testimony but simultaneously establishes a burden of proof to establish the claim by clear and convincing proof."

taken in plaintiffs' discovery proceedings where counsel for both parties had ample opportunity and did examine and cross-examine Mr. Markowitz.

To raise that issue plaintiffs would have to show at least that Mr. Markowitz knew that this was the only opportunity he would have to refute or deny all plaintiffs' claims which would be made at the trial. Where, as here, Mr. Markowitz could not be aware that he would be unavailable at trial, his attorney's examination of him may not necessarily be all embracing and comprehensive, *R. R.* 4:16, *i. e.,* would not be placing the entire defense upon the record. A deposition which is taken in the normal course of discovery under *R. R.* 4:16 contains no guarantee that the deponent defendant could not rebut or deny the claims made at trial by the opposing party. See II *Schnitzer & Wildstein, New Jersey Rules Service,* A IV–421 *et seq.*

Here, the deposition was one procured through ordinary discovery procedures, *R. R.* 4:16. Although it was offered on the part of decedent's representative to strengthen the defense, such offer should not be permitted to lessen plaintiffs' required quality of proof. In such a situation where there is no showing that the deponent was examined as to all plaintiffs' claims of liability and damages, the legislative requirement is as equally applicable as when no deposition is offered by the defendant at all. Plaintiffs were therefore required to establish their claims by clear and convincing proof.

Using this statutory standard, the trial court held that plaintiffs failed to carry their burden, characterizing the testimony of the several plaintiffs as unbelievable and unconvincing. In certain aspects the trial court found that the plaintiffs failed to establish their claims by even a preponderance of proof.

■ Plaintiffs further make a constitutional contention that under the New Jersey *Constitution of* 1947, *Article* VI, *Section* II, *paragraph* 3, this Court is authorized to make rules governing the administration of courts and subject to law the practice and procedure in all such courts, that *N. J. S.*

2A:81-2 establishes a rule concerning practice and procedure and is invalid under the rule of *Winberry v. Salisbury*, 5 *N. J.* 240 (1950), and it is therefore not applicable to the present case. We find no merit in this contention.

Our review of the record satisfies us that the trial court's findings of fact and conclusions of law should not be disturbed.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL and SCHETTINO—5.

*For reversal*—None.